# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION

| | |
|---|---|
| BRADLEY TERRY WILLIAMS )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>CORELOGIC RENTAL PROPERTY )<br>SOLUTIONS LLC., )<br>)<br>Defendant. ) | CASE NO. |

## COMPLAINT
## PRELIMINARY STATEMENT

1. This is an action for damages brought by an individual consumer against Defendant Corelogic Rental Property Solutions LLC,. (hereafter "Corelogic"), for violations of the Fair Credit Reporting Act (hereafter the "FCRA"), 15 U.S.C. §§ 1681 et seq.

2. Under the FCRA, "consumer reports" subject to the statute's protections include not simply those used in establishing the consumer's eligibility for credit, but also those used for tenant-screening purposes. 15 U.S.C. § 1681b(a)(3).

3. Defendant Corelogic is a consumer reporting agency which provides background and tenant-screening services, and decision-making intelligence to prospective properties owners, landlords, apartment complexes and other third parties.

4. The FCRA was enacted "to insure that consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy," 15 U.S.C. § 1681(a)(4), by operating "in a manner which is fair and equitable to the consumer, with regard to the confidentiality, accuracy, relevancy" of the consumer information they disseminate. 15 U.S.C. § 1681(b) and 1681c.

## JURISDICTION AND VENUE

5. Jurisdiction of this Court arises under 15 U.S.C. § 1681p and 28 U.S.C. § 1331.

6. Venue lies properly in this district pursuant to 28 U.S.C. § 1391(b).

## THE PARTIES

7. Plaintiff, Bradley Terry Williams, is an adult individual who resides in the State of North Carolina.

8. Defendant Corelogic is a business entity that regularly conducts business in the Western District of North Carolina, and has a principal place of business located at 40 Pacifica, Suite 900 Irvine, CA 92618.

## FACTUAL ALLEGATIONS

9. In or around March 2021, Plaintiff was attempting to secure housing at the Promenade Park ("Promenade") in Charlotte, North Carolina.

10. As part of the application to rent housing, Promenade obtained a consumer report from Defendant, on or about March 10, 2021.

11. Defendant's report contained derogatory and inaccurate information about Plaintiff.

12. The inaccurate information includes but is not limited to: a felony conviction that was expunged by Court Order in 2016 and should not have been reporting (hereafter "inaccurate information"). The inaccurate information grossly disparages the Plaintiff and portrays him as being a convicted felon, which he is not. There is perhaps no greater error that a consumer reporting agency can make.

13. In creating and furnishing the Plaintiff's consumer report, Defendant failed to reasonably review the public record information about Plaintiff to know that this charge was expunged. Any rudimentary inspection of the public records would reveal these inaccuracies. Defendants failed to employ such a procedure.

14. Defendant has been reporting the inaccurate information through the issuance of false and inaccurate consumer report(s) that it has disseminated and sold to various persons, both known and unknown.

15. Defendant has sold report(s) containing the inaccurate information to third parties since at least March 2021.

16. Plaintiff disputed the inaccurate information with Corelogic by following Corelogic's established procedures for disputing consumer credit in or around April 2021, and included with his dispute the Court Order of Expungement.

17. Notwithstanding Plaintiff's efforts, Defendant verified the inaccurate information on or about April 28, 2021, and has continued publishing and disseminating the inaccurate information to third parties, persons, and entities.

18. Despite Plaintiff's efforts, Defendant has never: (1) contacted Plaintiff to follow up on, verify and/or elicit more specific information about Plaintiff's dispute; (2) contacted all third parties that would have relevant information concerning Plaintiff's dispute; (3) forwarded any relevant information concerning Plaintiff's dispute to the entities originally furnishing the inaccurate information; or (4) requested or obtained the actual public records, police records or other records relating to the criminal case and/or charges.

19. Despite Plaintiff's exhaustive efforts to date, Defendant has nonetheless deliberately, willfully, intentionally, recklessly and negligently repeatedly failed to perform reasonable reinvestigations of the above dispute as required by the FCRA, failed to remove the inaccurate information and continued to report the derogatory inaccurate criminal information about Plaintiff.

20. As a result of the inaccurate report(s) Defendant sold to Promenade in March 2021, Plaintiff was denied housing. The basis for that denial was the inaccurate information that appears on Plaintiff's consumer report(s) prepared by the Defendant, which was not only a substantial factor for the denial, but the only factor.

21. As a result of Defendant's conduct, Plaintiff has suffered actual damages in the form of lost housing opportunities, harm to reputation, and emotional distress, including humiliation and embarrassment.

22. At all times pertinent hereto, Defendant was acting by and through its agents, servants and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of the Defendant herein.

23. At all times pertinent hereto, the conduct of the Defendant, as well as that of its agents, servants and/or employees, was malicious, intentional, willful, reckless, and in grossly negligent disregard for federal and state laws and the rights of the Plaintiff herein.

## COUNT I
## VIOLATIONS OF THE FCRA

24. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

25. At all times pertinent hereto, Defendant was a "person" and "consumer reporting agency" as those terms are defined by 15 U.S.C. §§ 1681a(b) and (f).

26. At all times pertinent hereto, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

27. At all times pertinent hereto, the above-mentioned credit reports were "consumer reports" as that term is defined by 15 U.S.C. § 1681a(d).

28. Pursuant to 15 U.S.C. § 1681n and 15 U.S.C. § 1681o, Defendant is liable to the Plaintiff for willfully and negligently failing to comply with the requirements imposed on a consumer reporting agency of information pursuant to 15 U.S.C. §1681e(b) and 1681i.

29. The conduct of Defendant was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, actual damages and harm to Plaintiff that are outlined more fully above and, as a result, Defendant is liable to Plaintiff for the full amount of statutory, actual and punitive damages, along with the attorneys' fees and the costs of litigation.

## JURY TRIAL DEMAND

30. Plaintiff demands trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff seeks judgment in Plaintiff's favor and damages against the Defendant, based on the following requested relief:

(a) Actual damages;

(b) Statutory damages;

(c) Punitive damages;

(d) Costs and reasonable attorneys' fees; and

(e) Such other and further relief as may be necessary, just and proper.

Respectfully Submitted,

BY: */s/ Rashad Blossom*
Rashad Blossom (NC State Bar No. 45621)
BLOSSOM LAW PLLC
301 S. McDowell Street, Suite 1103
Charlotte, NC 28204
T: (704) 256-7766
F: (704) 486-5952
E: rblossom@blossomlaw.com

BY: */s/Alexis Lehmann*
Alexis I. Lehmann *(Pro Hac Vice Application Forthcoming)*
FRANCIS MAILMAN SOUMILAS, P.C.
1600 Market Street, suite 2510
Philadelphia, PA 19103
T: (215) 735-8600
F: (215) 940-8000
E: alehmann@consumerlawfirm.com

***Attorneys for Plaintiff***

Dated: July 1, 2021